UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TABAYOYONG CARIDAD, | No. 2:14-cv-1493 DAD P |
| Petitioner, | |
| v. | ORDER |
| HARRY OREOL, | |
| Respondent. | |

Petitioner is a civil committee at the Patton State Hospital in San Bernardino County, California. On February 5, 2014, he filed a petition for writ of habeas corpus in this court, which was assigned a new case number, 2:14-cv-0366-AC. The magistrate judge assigned to that case found that the petition "appears to challenge a mentally disordered offender commitment order issued by the San Bernardino County Superior Court" and ordered the case transferred to the U.S. District Court for the Central District of California on February 18, 2014. See Caridad v. Luna, 2:14-cv-1847-AC (Docket No. 7). While that habeas petition was pending in the Central District, petitioner filed the instant petition in this court on June 23, 2014. This court received that petition as a new case and assigned it the civil action number listed above, 2:14-cv-1493-DAD. Petitioner has since consented to the jurisdiction of the magistrate judge in this case, under 28 U.S.C. § 636(c).

1

On August 4, 2014, the magistrate judge assigned to the habeas action pending in the Central District of California interpreted that petition differently than did the magistrate judge in this district, ruling that petitioner was confined pursuant to an order of the Sacramento County Superior Court. The magistrate judge in the Central District ordered the case transferred back to this district, where it has been assigned a new case number See Civil Action No. 2:14-cv-1847-AC (Docket No. 23).

The instant petition and the re-transferred petition appear to challenge the same state court action – i.e., petitioner's ongoing civil commitment by successive orders of the Sacramento County Superior Court. The strongest indication of that common ground lies not so much in the allegations of either petition – indeed, the allegations of both petitions are very difficult to decipher – but in a memorandum that petitioner has included as an exhibit submitted in both cases. See Petition (Docket No. 1) at 8; Civil Action No. 2:14-cv-1847-AC, Supplement to the Petition (Docket No. 21) at 4. That document, dated January 28, 2014, was authored by the California Office of Patients' Rights in response to a complaint petitioner filed concerning, among other things, his ongoing commitment as a mentally disordered offender. It states that petitioner had been confined under a commitment order that expired on June 7, 2013, but that requests for extensions through June 7, 2015, were pending. Although the court has no information before it now to clarify the outcome, if any, of those requests for extension, the memorandum's inclusion in and apparent relevance to both habeas cases persuade the court to find that the instant petition and the previously filed petition now active in Civil Action No. 2:14-cv-1847-AC effectively challenge the same state court action. In other words, this court has two open, active habeas cases where there ought to be one. Some action advancing judicial efficiency is therefore warranted.

Between the two cases, petitioner's first challenge to his civil commitment came in the petition now active in Civil Action No. 2:14-cv-1847-AC. The court deems the instant (and later-filed) petition as a motion to amend the first-filed petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (holding that a second, pro se habeas petition where there is already an unadjudicated one in another action must be construed as a motion to amend the already existing

2

petition). The Clerk will be directed to file the instant petition in Civil Action No. 2:14-cv-1847-AC as a motion to amend the petition operative in that case. Whether petitioner should be allowed to amend his pleading in that case is a matter left to the discretion of the magistrate judge assigned to it. See Barnes v. Board of Prison Terms, No. CIV S-08-2344 DAD P, 2008 WL 5099650 at *2 (E.D. Cal. Dec. 1, 2008). The instant case, Civil Action No. 2:14-cv-1493-DAD, will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court file the petition for writ of habeas corpus filed in this case (Docket No. 1) as a motion to amend the petition in Civil Action No. 2:14-cv-1847-AC.

2. This case be closed.

Dated: August 12, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
cari1493.ord